## BURKE et al. v. EMSCO DERRICK & EQUIPMENT CO. et al.

District Court, S. D. California, C. D.
July 3, 1934.

Lyon & Lyon, of Los Angeles, Cal., for plaintiffs.

Ford W. Harris, R. Welton Whann, and Ward D. Foster, all of Los Angeles, Cal., for defendants.

JAMES, District Judge.

The following will show the conclusions that have been reached on the issues presented in this case. It does not include an extensive discussion of the evidence, or of the patent law. The writing of long opinions by trial judges, in my view, is not of great benefit to the legal profession, for such opinions furnish no binding precedents and only serve to clutter up the printed reports unnecessarily. Besides this, the great congestion of the work in this court, and the constant pressure of counsel for quick decisions, makes it seem undesirable that a district judge should expend labor in an effort to produce a comprehensive statement which will be entitled to be classed as useful legal literature. A judge of the highest court in the land recently stated:

"Hurried opinions, and long dictated ones, when not laboriously revised, generally have no proper place except in the waste basket. In my view much would be gained if three-fourths (maybe nine-tenths) of those published in the last twenty years were utterly destroyed. Thousands of barren dissertations have brought confusion and often contempt."

After a trial, the duty of the judge is best discharged by furnishing counsel with a statement of his conclusions only, clearly expressed, so that the findings to be made are plainly indicated. What follows is constructed with that end in view.

Plaintiffs sue for alleged infringement of Patent No. 1,579,753, issued April 6, 1926, described as pertaining to drilling mechanism of oil well rigs. In its use the device is made applicable to both drilling and pumping operations. Claims 1, 2, 3, 4, 9, and 10 are alleged to have been infringed.

In both the drilling and pumping of oil wells there is power means which operates a fly or band wheel, in connection with which is a crank which furnishes an up and down impulse, usually through auxiliary means of a walking beam. In turn the motion is communicated to a string of tools in the one instance, and to pump rods in the other. In either, the load is carried on the upstroke, and the tools or pump rods have their own weight to assist in returning them to the bottom of the hole. As the driving power which operates the crank is constant, the steady rotation of the crank shaft is interfered with and changed between the upstrokes and the down strokes, because of variation in the load. Irregularity of action results. The design of the patentee was to furnish a means of counterweighing the crank mechanism so that on the up movement, carrying the load of drill string or pump rods, the counterweight would be descending, and aid in accomplishing the lift; on the down stroke the weight would be rising, and hence add resistance to the sudden descent of the tools or pump rods. Quite obviously the result would tend toward securing uniform revolution, avoid jerking, and not allow great fluctuations in the speed of the engine or motor. In patentee's mechanism the weight is mounted by means of rods extended through it, to the crank shaft, and inside of the crank. That portion of the shaft to which it is mounted acts as a supporting bearing when the attachment is loosened. When the latter is its condition, the crank shaft revolves without carrying the weight, and the weight may be pulled aside and secured. It appears that it is often desirable to detach the weight, as when a string of tools or pipe is being lifted from the hole, for then the pull is constant and no equalizing means are needed or useful.

Devices for balancing flywheels, operated through crank means, by the use of weights counterdisposed are old in the art. The need for such devices was recognized, we can assume, as early as the time when machines operated by a crank against a varying load were designed. That that means should be by the use of counterbalances would seem to require nothing more than unstudied thought in the mind of the experienced mechanic. The need and the means would both be obvious. Hence the inventive field would be limited to the devising of particular forms of counterbalances, and methods of attachment. The patentee here originated the idea to mount his weights separately from the crank, or detachable from the crank or flywheel. He arranged that by the loosening of bolt nuts which formed the holding parts, the weights would be released without taking them from the shaft completely. By so do-

424

ing something was added to the convenience in the handling of the weights, in the way of saving both labor and time. This was an improvement over any method which provided for attaching weights directly to a flywheel or crank member, and without doubt is entitled to the tribute of invention. That his invention was of broad scope must be denied. The range of equivalents which the patentee can claim is, in my opinion, extremely narrow. Woodbury, Patent No. 357,884, issued February 15, 1887, devised a method of counterbalancing crank wheels by attaching metal weights or disks, removable, but having no means to stop their effect without completely removing them. Alfree and Hubbell, Patent No. 819,199, issued May 1, 1906, invented a form of counterweight for locomotive driving wheels to correct imbalance caused by weight of connecting rods and attachments. Callahan, Patent No. 1,564,320, issued December 8, 1925, showed a weight attached to the extension of a walking beam used in pumping or drilling wells. The citations are only a small part of the prior art shown in evidence. They are all pertinent in support of the statement already made that when Burke originated his counterweight device, he was working in an inventive field already well occupied. Hence, even a small variation from his contrivance will avoid infringement.

 The alleged principal infringing device or combination consists of weights attached to the crank itself. The weights are removable by releasing two nuts at the end of long bolts, which bolts extend through a saddle at the hub end of the crank, and extend at an angle on either side of the extension of the crank into a weight holder, which is also provided with a saddle to rest against the outer end of the crank. By the tightening of the nuts referred to, the weight holder is held firmly against the crank end. Weight blocks are provided, which may be lessened or increased in number, and are held against the holder head by means of two nuts disposed on either side of the head and extending through the weights as provided. These bolts may be removed for the purpose of adding to or lessening the number of weight blocks used. This device, in brief, amounts to an extension of the crank and the adding of weights attached to such extension means. In my opinion it cannot be said that such a weight set is attached to the shaft; that the crank itself is not the equivalent of the arm which Burke designates in his patent (claims 9 and 10) as the means for holding his weights. In the defendants' structure no means is provided whereby the loosening of

any attachment nuts will allow the weight set to ride on the shaft without revolving, or to be pulled aside when the engine is desired to be used for pulling pipe or pump rods. The differences to me are essential differences; there is identity of function between the two, of course, in supplying the counterbalancing effect when the machine is in motion. There is, as I view it, no substantial identity of the way in which the function is secured. This observation is made keeping in view the state of the art as it had advanced at the time Burke conceived his device. It is well established that where an art has progressed step by step, the inventor who adds only an improvement which is not attended by greatly increased favorable results, must have his patent interpreted as approximately limited to the form described. It seems quite plain to me that Burke counted the feature of his invention which permitted the loosening of the weight attachment and the facility with which it might be pulled aside without entirely removing it from the shaft, as the chief point of novelty. This with the hanging of the weights on the shaft itself, I believe to be the whole substance of what the patentee Burke is entitled to claim. None of the forms used by defendants meet the conditions stated. So interpreted, the claims relied upon by plaintiffs may be adjudicated as valid. I am not prepared to hold that the form as described had been anticipated by prior patentees, nor that prior use has been sufficiently proven.

No infringement is found entitling plaintiffs to judgment. Decree will be in favor of defendants, with costs.